# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| In re: | ) Chapter 7 |
| | ) Case No. 12-18449 |
| Mark E. Singer, | ) |
| | ) Hon. Pamela S. Hollis |
| Debtor. | ) |

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that on **August 20, 2015 at 10:00 a.m.**, or as soon thereafter as counsel may be heard, the undersigned shall appear before the Honorable Pamela S. Hollis, Room 644, United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, or any other Judge sitting in her place or stead, and then and there present *Trustee's Objection to Progressive Care S.C.'s Second Amended Proof of Claim Number 4-3,* a copy of which is hereby served upon you and at which time and place you may appear as you see fit.

Dated:  August 12, 2015

**BRIAN A. AUDETTE, not individually, but solely in his capacity as Chapter 7 Trustee**

By: */s/ David J. Gold*
　　David J. Gold
　　**PERKINS COIE LLP**
　　131 South Dearborn Street, Suite 1700
　　Chicago, IL  60603
　　(312) 324-8400
　　(312) 324-9400 (facsimile)
　　dgold@perkinscoie.com

　　*Counsel to the Trustee*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | ) Chapter 7 |
| | ) Case No. 12-18449 |
| Mark E. Singer, | ) |
| | ) Hon. Pamela S. Hollis |
| Debtor. | ) |

**TRUSTEE'S OBJECTION TO PROGRESSIVE CARE, S.C.'S
SECOND AMENDED PROOF OF CLAIM NUMBER 4-3**

Brian A. Audette, not individually, but solely in his capacity as chapter 7 trustee ("Trustee"), pursuant to section 502(b) of the Bankruptcy Code, Federal Rule of Bankruptcy Procedure 3007(a), and Local Rule of Bankruptcy Procedure 3007-1, hereby objects to Claim No. 4-3 (the "Second Amended Claim") filed by Progressive Care, S.C. ("Claimant") and in support thereof, states as follows:

**BACKGROUND**

1. On May 4, 2012 (the "Petition Date"), Mark E. Singer ("Debtor") filed a chapter 7 petition to initiate the above-captioned bankruptcy case and Trustee was appointed as chapter 7 trustee.

2. On January 16, 2013, Claimant filed Progressive Care, S.C.'s Motion to Modify the Automatic Stay and to Stay the Adversary Proceeding (the "Stay Relief Motion"). Claimant requested, among other things, modification of the automatic stay to pursue its claims against Debtor in a state court action that was originally filed against Debtor on November 1, 2010 and captioned *Progressive Care v. Singer*, No. 10 CH 47279, which was consolidated with the case captioned *Progressive Care, S.C. v. BrookWeiner L.L.C., et al.*, No. 10 L 14737, which consolidated cases were pending in the Circuit Court of Cook County, Illinois, County Department, Law Division (the "State Court Case").

1

3. On January 31, 2013, the Bankruptcy Court granted the Stay Relief Motion and entered an Order Modifying Stay, which permitted Claimant's pursuit of its claims against Debtor in the State Court Case.[1]

4. On February 4, 2013, Trustee filed his initial report of assets.

5. On May 7, 2013, Claimant filed its initial proof of claim (the "Original Claim") against Debtor's estate -- Claim No. 4 -- in an amount "[i]n excess of $1.7 million." The Original Claim was based upon Claimant's Second Amended Verified Complaint for Preliminary and Permanent Injunctive Relief and Other Relief, which it had filed against Debtor in the State Court Case prior to the Petition Date.

6. On December 30, 2013, Claimant filed its first amended proof of claim (the "First Amended Claim") against Debtor's estate -- Claim No. 4-2 -- in an amount "in excess of $4.5 million." The First Amended Claim was also based upon the claims Claimant asserted against Debtor in the State Court Case.

7. On July 1, 2014, Debtor filed an objection to the First Amended Claim.

8. On June 23, 2015, Claimant filed the Second Amended Claim in an amount "[i]n excess of $4 million." The Second Amended Claim was also based upon the claims Claimant asserted against Debtor in the State Court Case. However, Claimant attached to the Second Amended Claim an Order from the State Court Case (the "Dismissal Order"), which among other things, dismissed Claimant's State Court Case against Debtor *with prejudice* but, curiously, "without prejudice to . . . Progressive Care's Proof of Claim . . ." filed against Debtor in this bankruptcy case. The Dismissal Order also provided that neither Claimant nor Debtor would rely upon the Dismissal Order as having any preclusive and/or *res judicata* effect.

---

[1] Debtor has been at all times represented by his own personal counsel in the State Court Case and Trustee has not participated or appeared in the case.

Apparently, the Dismissal Order was the result of an "agreement of the parties." Nevertheless, none of the parties notified Trustee of any such agreement or consulted Trustee before submitting the Dismissal Order for entry in the State Court Case. Indeed, Trustee was not actually made aware of the Dismissal Order until after it was entered. A copy of the Dismissal Order is attached hereto as <u>Exhibit A</u>.

9. On July 14, 2015, Debtor filed an objection to the Second Amended Claim.

10. On August 3, 2015, Claimant filed a motion to strike Debtor's objection to the Second Amended Claim.

11. The Bankruptcy Court has not yet ruled upon Debtor's objection to the Second Amended Claim or Claimant's motion to strike such objection.

## **OBJECTION**

12. Trustee respectfully requests the entry of an order denying and expunging Claimant's Second Amended Claim because it no longer holds a claim against Debtor under applicable non-bankruptcy law. Indeed, it cannot hold such a claim because it agreed to dismiss its claims against Debtor with prejudice in the State Court Case.

13. "A claim of which a bankruptcy court may take cognizance must be one that is recognized by state or federal law." *In re U.N.R. Indus., Inc.*, 29 B.R. 741, 745 (N.D. Ill. 1983). A claim should be denied if it is "unenforceable against the debtor . . . under any agreement or applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b)(1). Claimant's Second Amended Claim is unquestionably based upon state law, as it arises from the claims and causes of action pled by Claimant against Debtor in the State Court Case. However, Claimant voluntarily dismissed the State Court Case against Debtor *with*

*prejudice*. Thus, Claimant no longer holds a valid claim against Debtor under applicable non-bankruptcy law.

14. Moreover, under Illinois law, a stipulation of the parties to dismiss an action with prejudice constitutes a final judgment on the merits. *See Knodle v. Jeffrey*, 545 N.E.2d 1017, 1022 (Ill. App. Ct. 1989). As a result, Claimant's Second Amended Claim is barred by the doctrine of *res judicata*. Under that doctrine, a final "judgment puts an end to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatever, absent fraud or some other factor invalidating the judgment." *Comm'r of Internal Revenue v. Sunnen*, 333 U.S. 591, 597 (1948).

15. Claimant's attempt to maintain its Second Amended Claim against Debtor's estate by including a provision in the Dismissal Order that the dismissal was without prejudice to Claimant's right to litigate the claim before this Bankruptcy Court is of no avail. First, the state court cannot confer jurisdiction of a state law claim upon a bankruptcy court once the state court dismisses the claim with prejudice. Second, if Debtor's bankruptcy case was dismissed today, Claimant would clearly be precluded from litigating its claims against Debtor in any other forum, as such claims were unquestionably dismissed with prejudice. Thus, Claimant does not hold a claim against Debtor or his estate under applicable non-bankruptcy law, thereby nullifying its Second Amended Claim filed in this bankruptcy case.

16. Moreover, Claimant's and Debtor's agreement that neither would use the Dismissal Order to argue any *res judicata* effect of the order does not bind Trustee or Debtor's estate. Trustee never agreed to the Dismissal Order; nor was Trustee consulted before the Dismissal Order was negotiated and entered. Accordingly, the limitations imposed upon the

parties in the Dismissal Order do not preclude Trustee's rights on behalf of Debtor's estate to object to a claim that has been dismissed with prejudice.

17. For the foregoing reasons, the Bankruptcy Court should deny and expunge the Second Amended Claim. Trustee expressly reserves the right to supplement his objection to the Second Amended Claim based upon any and all other grounds of which Trustee may become aware.

WHEREFORE, Trustee respectfully requests the entry of an order denying and expunging the Second Amended Claim and granting Trustee such other and further relief the Bankruptcy Court deems just and proper.

Dated:  August 12, 2015
**BRIAN A. AUDETTE, not individually, but solely in his capacity as Chapter 7 Trustee**

By: */s/ David J. Gold*
David J. Gold
**PERKINS COIE LLP**
131 South Dearborn Street, Suite 1700
Chicago, IL  60603
(312) 324-8400
(312) 324-9400 (facsimile)
dgold@perkinscoie.com

*Counsel to the Trustee*

5