IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>MARK E. SINGER,<br><br>Debtor. | Case No. 12-18449<br><br>Chapter 7<br>Judge: Honorable Pamela S. Hollis<br><br>Hearing Date: November 10, 2015<br>Hearing Time: 10:30 a.m. |

**PROGRESSIVE CARE, S.C.'S RESPONSE IN OPPOSITION TO TRUSTEE'S OBJECTION TO PROGRESSIVE CARE, S.C.'S SECOND AMENDED PROOF OF CLAIM NO. 4-3**

Progressive Care, S.C. ("Progressive Care"), by and through its attorneys, Brian Zeeck, Daniel Purdom and the law firm of Hinshaw & Culbertson LLP and James Schweitzer of the Schweitzer Law Office, LLC, and for its Response in Opposition to the Trustee's Objection to Progressive Care's Second Amended Proof of Claim, Claim No. 4-3, states as follows:

**INTRODUCTION**

On June 23, 2015, Progressive Care filed its Amended Proof of Claim ("Amended POC") (Claim No. 4-3). In support of its Amended POC, Progressive Care attached a copy of the Amended Complaint filed in the state court action; a copy of the Dismissal Order entered in the state court action on May 21, 2015; a copy of the expert report of Craig Greene; and the transcript of the deposition of the Debtor taken in the state court litigation on September 14, 2015. The Trustee has filed an Objection to Progressive Care's Amended POC (Dkt. No. 129). The Trustee objects to Progressive Care's Amended Complaint "because it no longer holds a claim against Debtor under applicable non-bankruptcy law." The Trustee's objection is flawed in multiple respects. First, the Trustee is wrong in asserting that Progressive Care does not have an enforceable claim and ignores the plain language of the dismissal order where those rights

were expressly reserved. Second, the Trustee ignores the fact that the Bankruptcy Court maintains concurrent jurisdiction for purposes of determining the amount of a debt. Third, the Trustee's primary objection is based on nothing more than a hypothetical situation which cannot serve as the basis for a denial of Progressive Care's claim. Finally, the Trustee completely ignores the fact that there are two actions here, one of which is a core proceeding which cannot be brought in state court. The Trustee has simply failed to identify any basis for denial of Progressive Care's claim, the amount of which must be determined by this Court.

## ARGUMENT

1. **The Bankruptcy Court maintains concurrent jurisdiction to determine the amount of the debt.**

    a. **Progressive Care's claim is not barred by *res judicata* and is an enforceable one.**

The Trustee, in making its objection, relies upon one of the stated exceptions under Section 502 which provides as an exception to the rule, where "such claim is unenforceable against the debtor and the property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. 502(b)(1). The Trustee's primary argument that Progressive Care's claim falls within this exception is that the underlying state court case was dismissed and that the underlying case was determined on its merits. However, as clearly set forth in the plain language of the dismissal order entered in the state court case (*see* Amended POC, Ex. 2), the dismissal order expressly reserved Progressive Care's rights with respect to its proof of claim, dismissing the matter without prejudice to the pending actions in the Bankruptcy Court, including Progressive Care's POC.

The Trustee makes numerous misstatements in his argument. The Trustee erroneously argues that Claimant no longer holds any claims against Debtor under non-bankruptcy law, that Claimant dismissed its state claims against the Debtor with prejudice, that Claimant's claim is

2

"unquestionably" based on state law, that Claimant's claim is "barred by the doctrine of *res judicata*," and that if Debtor's bankruptcy case were dismissed today, Claimant would be precluded from litigating its claims against Debtor in any other forum. The Trustee's argument is flawed in multiple respects.

First, the state court expressly stated in its dismissal Order that the state court dismissal was "without prejudice to those actions currently pending in the…United States Bankruptcy Court for the Northern District of Illinois, Case No. 12-18449, including Progressive Care's Proof of Claim, as amended, and Adversary case No. 12-01896 (collectively the "Pending Actions"), and said dismissal shall have no preclusive effect, as res judicata or otherwise, with respect to the Pending Actions or arising in connection therewith."  (Amended POC, Ex. 2). Furthermore, per the additional terms of the state court dismissal Order, the state court dismissal Order was not on the merits and was not to be used in any litigation for any purpose because it was not on the merits.  (Amended POC, Ex. 2).  Rather, the state court Order expressly reserved the rights of Claimant Progressive Care to pursue its Proof of Claim in the bankruptcy proceeding and was to have no adverse impact on Progressive Care's pursuing its bankruptcy claims, including its Proof of Claim. (Amended POC, Ex. 2).

The Trustee's argument is false and misleading.  The state court dismissal, per the express terms of the Order, was without prejudice to Progressive Care's Proof of Claim, had no effect on the Proof of Claim or pending bankruptcy actions, was not on the merits, and was to have no preclusive effect as *res judicata* or otherwise.  Accordingly, the Trustee's argument is flawed and specious.

Furthermore, under Illinois law, in order for the doctrine of *res judicata* to apply, there must be "a final judgment on the merits…" *Severino v. Freedom Woods, Inc.*, 407 Ill.App.3d

3

238, 244 (2010). As there was no final judgment on the merits, the doctrine of *res judicata* does not apply. The Trustee's argument to the contrary is meritless.

Under Illinois law, the party asserting *res judicata* as a preclusion to the second action bears the burden of showing with clarity and certainty what was determined by the prior judgment. *People ex rel. Scott v. Chicago Park District*, 66 Ill.2d 65, 68, 4 Ill.Dec. 660, 360 N.E.2d 773 (1976); *Redfern v. Sullivan*, 111 Ill.App.3d 372, 377, 67 Ill.Dec. 166, 444 N.E.2d 205 (1983). This is a heavy burden of proof. *Gale v. Transamerica Corp.*, 65 Ill.App.3d 553, 22 Ill.Dec. 92, 382 N.E.2d 412 (1978). Where the judge specifically ordered that the dismissal of the underlying action was not to have any preclusive effect, as *res judicata* or otherwise, it is disingenuous for the Trustee to attempt to argue contrary to the express language and intent of the state court. Furthermore, the first required element in order for *res judicata* to apply is that a final judgment on the merits has been rendered. *Hudson v. City of Chicago*, 228 Ill.2d 462, 467, 321 Ill.Dec. 306, 889 N.E.2d 210 (2008). Here the Court's order explicitly stated that the dismissal was "without prejudice" to the pending actions, including Progressive Care's proof of claim, and also that the dismissal "has nothing to do with the merits of the litigation." (Amended POC, Ex. 2).

Additionally, under Illinois law, *res judicata* does not apply and Progressive Care's Amended POC is not barred by the dismissal of the underlying action where "the court in the first action expressly reserved the plaintiff's right to maintain the second action." *Severino v. Freedom Woods, Inc.*, 407 Ill.App.3d 238, 249-51 (2010); *citing Rein v. David A. Noyes & Co.*, 172 Ill.2d at 341, 216 Ill.Dec. 642, 665 N.E.2d 1199. Here, the State Court expressly stated that the dismissal order is not a final judgment on the merits, stating explicitly that there would be no *res judicata* or preclusive effect on the pending Proof of Claim, that it was without prejudice to

the pending Proof of claim, and that the action was not being decided on the merits. (Amended POC, Ex. 2). This express language of the Court conclusively determines that the state court dismissal was not a final judgment on the merits (a key requirement in order for *res judicata* to apply) and, therefore, the Trustee's argument is a frivolous one. The order, by its plain language, did not affect the rights of Progressive Care to pursue either its pending adversary proceeding or its proof of claim, nor the enforceability of same. Furthermore, as noted below, the Bankruptcy Court maintains concurrent jurisdiction in order to determine the amount of a debt. 11 U.S.C. 502(b); 28 U.S.C. 1334.

Courts have emphasized that the word "claim" has the "broadest available definition." *FCC v. NextWave Pers. Communications*, 537 U.S. 293, 123 S.Ct. 832, 839 (2003). A validly filed proof of claim constitutes prima facie evidence of the claim's validity and amount. Rule 3001(f); *See also Garner v. Shier (In re Garner),* 246 B.R. 617, 620 (9th Cir.BAP2000). Progressive Care did nothing to eliminate that prima facie case of a valid claim by the state court dismissal; on the contrary, Progressive Care expressly reserved its rights relative to the Proof of Claim and any attempt by anyone to disingenuously argue a *res judicata* effect on the Proof of Claim.

Finally, there is no applicable law or agreement which makes Progressive Care's claim unenforceable. Progressive Care's Amended Proof of claim is premised upon Debtor's misconduct which resulted in damages to Progressive Care. In the underlying complaint, Progressive Care stated legally cognizable causes of action, and the Trustee cannot claim otherwise. The Trustee's primary argument is fundamentally flawed and ignores the substance of the exhibits attached to the Amended POC. The Trustee incorrectly asserts, "Claimant's Second Amended Claim is unquestionably based upon state law, as it arises from the claims and causes

5

of action pled by Claimant against Debtor in the State Court Case." However, a review of the underlying Compliant, which was attached as Exhibit 1 to the Amended POC readily demonstrates that this is not the case. Rather, Progressive Care's claim is based upon Singer's misconduct, misconduct which violates both federal and state law, but was previously the subject of a state court Complaint. For example, in the Second Amended Complaint attached as Exhibit 1 to the Amended POC, Progressive asserts as Count I of its Complaint a civil racketeering claim against Singer. (*See* Amended POC, Ex. 1, p. 81). This is a claim that could have been brought in a federal or state court, and which arises out of the misconduct underlying the Amended POC. This claim, premised upon Debtor's violation of 18 U.S.C. 1962(c), is unquestionably based upon federal law, contrary to the Trustee's statement in its Objection.

Progressive Care's claim in bankruptcy court is based upon Singer's misconduct which is in violation of both state and federal law. This Court has jurisdiction over Progressive Care's claim and this Court has the authority to determine the amount of the debt owed by Singer to Progressive Care based upon Singer's misconduct. As provided in Section 502(b), "if such objection to a claim is made, the Court, after notice and a hearing, shall determine the amount of such claim and lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount…" 11 U.S.C. 502(b)(emphasis added). Accordingly, where both the Debtor and the Trustee have objected to Progressive Care's claim, it is not only within this Court's jurisdiction to determine the amount of that claim, but the Court is obligated to do so under Section 502.

    **b. Trustee's arguments are based on hypothetical situations which cannot serve as a basis for denial of Progressive Care's claim.**

The Trustee argues simply that if the bankruptcy proceedings were dismissed, Progressive Care would be left without remedy in the state court due to the entry of the dismissal

6

order. However, such an argument speaks only in hypotheticals and cannot serve as a ripe basis for an objection or for the dismissal of Progressive Care's claim. The fact remains that there are currently no pending motions to dismiss and these proceedings have not, at any time, been dismissed. Progressive Care may maintain its claim in Bankruptcy Court, and its claim remains enforceable in Bankruptcy Court.

In any event, Progressive Care would not be precluded from litigating its claims against Singer outside of the bankruptcy proceedings. Progressive Care has enforceable claims against Singer outside of the bankruptcy court. Debtor, in filing his objection to Progressive Care's POC, breached the express language and terms of the Order by attempting to use the dismissal for other purposes in litigation—which is expressly prohibited under the terms of the Order—and falsely stated in Debtor's filing with the Bankruptcy Court that "the amounts alleged to be due from Debtor in the Amended Complaint have been judicially determined not to be due from Debtor"—all of which the Debtor Singer knew to be false. Accordingly, Progressive Care would have the right to take whatever actions were necessary in order to effectuate its Proof of Claim as the state court made certain in its Order that nothing was to prejudice Progressive Care's ability to litigate its Proof of Claim in the bankruptcy proceedings.

The Trustee's arguments that the claim is unenforceable are unavailing and premised on contingencies which are certainly not in place. Progressive Care, having obtained a relief from the stay, did not deprive this Court of jurisdiction, nor did it remove this Court's ability to determine the amount of Progressive Care's claim under Section 502(a). In fact, because the Trustee has filed an objection, this Court cannot now dismiss the claim as requested by the Trustee but rather must determine the amount of the debt, and Despite the Trustee's arguments

7

about what may or may not happen in the future, the Trustee has not identified any of the exceptions among Section 502(b) that would apply to our situation.

**2. There is not just one action, but two involved here which prevent the dismissal of Progressive Care's claim.**

The Trustee, in making its argument, completely ignores that there is a second action involved here. Progressive Care has filed an adversary proceeding against debtor under Section 727 (Adv. Case No. 12-01896), premised, in part, on Debtor's concealing of assets, his knowingly making false oaths and accounts, and deliberately misleading this Court in filing his Petitions, which deliberately excluded substantial assets in Debtor's possession. As set forth at length in the Adversary Complaint, Progressive Care's claims involve substantially overlapping factual and legal issues relating to Debtor's fraud, his stealing and conversion of assets, and his deliberate misleading of this Court and his creditors in filing his bankruptcy petitions. Progressive Care's Section 727 claims are core proceedings, which Progressive Care cannot bring in state court. 28 U.S.C. 157(b)(1). Yet, the Trustee, in making his objection, selectively ignores the existence of this action which cannot be brought in state court or elsewhere.

**3. Progressive Care's dismissal of the state court proceedings in order to pursue its claims in Bankruptcy Court is reasonable and warranted under the circumstances.**

As explicitly set forth in the dismissal order, "the basis for Progressive Care's agreeing to the state court dismissal has nothing to do with the merits of the litigation but rather, relates solely to issues involving cost and convenience." (See Amended POC, Ex. 2, ¶3). Progressive Care, in agreeing to the dismissal of the state court litigation, sought to merely consolidate the forums and the various actions in order to promote efficiency and judicial economy, and to essentially simplify matters. The language of the Order stating that the dismissal was not to

8

prejudice the other pending actions, as well as the language regarding the reasons for the dismissal, makes this abundantly clear.

The Trustee notes in its objection that Progressive Care obtained relief from the automatic stay in order to pursue its claims against Debtor. However, at that time, Progressive Care was also pursuing claims against two other defendants in the state court litigation, Pat Tuchman and BrookWeiner, L.L.C. (Dkt. #67, ¶6). In fact, this court granted BrookWeiner relief from the automatic stay as well so that it could pursue its claims against Debtor. (Dkt. #53). Since that time, however, those other defendants have been dismissed from the state court litigation, leaving only the insolvent Debtor as the sole remaining defendant. Accordingly, agreeing to dismiss the state court proceeding in order to pursue Progressive Care's claims in this Court was completely reasonable, given that it would necessarily be litigating these same issues in the Adversary Proceeding. It would make no sense for Progressive Care to pursue a trial in state court against the sole remaining defendant who is already in bankruptcy and against whom we already have overlapping claims. It would be unfair and inequitable for this Court to dismiss Progressive Care's claim. The Trustee is in no way prejudiced by the existence of or Progressive Care's pursuit of its claim in the bankruptcy action, and it is the debtor who agreed to bring these matters to the Bankruptcy Court. As a matter of public policy, it would produce absurd result to deny Progressive Cares Amended POC where Progressive Care and the Debtor resolved the underlying litigation with the express understanding that the pending claims would be enforced in bankruptcy proceedings.

4. **Progressive Care's right to pursue its Proof of Claim in Bankruptcy Court is consistent with overriding public policy concerns.**

As previously noted, Progressive Care's Section 727 claims are core proceedings, which Progressive Care cannot bring in state court. Because the proof of the Section 727 claims will

9

131160802v4 0917685

necessarily encompass evidence regarding the Debtor's concealment of assets, many of which were unlawfully purchased by Debtor with money the Debtor wrongfully converted from Progressive Care, and many of which assets were concealed from the Bankruptcy Court and bankruptcy estate, the evidence in the core adversary proceedings will necessarily involve much of the same evidence relevant to the state court case against the Debtor, including the amount of money stolen from Progressive Care, which unlawful conduct is related to various assets converted and later concealed by Debtor. It was entirely prudent from a judicial economy and expenditure of resources concern that the Claimant proceed in bankruptcy proceedings and not duplicate the resources needed to pursue both a state court case and bankruptcy proceedings against a purportedly insolvent Debtor.

Indeed, it was consistent with overriding public policy concerns for the Claimant to voluntarily dismiss the state court case and, while expressly reserving its rights, proceed in the Bankruptcy Court on its Proof of Claim and core Adversary Proceeding as opposed to duplicating largely the same evidence in a separate state court proceeding against a purportedly insolvent Debtor. The state court effectively incorporated these public policy concerns in its Order when it set forth the language which expressly prohibited the dismissal from having any adverse effect on Progressive Care's bankruptcy claims, including its Proof of Claim.

## CONCLUSION

Progressive Care's claims are enforceable, and under Section 502(b), the amount of Progressive Care's claim must be determined. The underlying dismissal had no effect on the enforceability of Progressive Care's claims, whether as *res judicata* or otherwise, as expressly stated within the dismissal order. Furthermore, this Court has jurisdiction over Progressive Care's Section 727 claim, which is a core proceeding, and over those issues involving Singer's misconduct and the amount of damages inflicted upon Progressive Care by Singer's misconduct.

131160802v4 0917685

The Trustee has identified no basis to "dismiss" or "expunge" Progressive Care's claim, nor has it identified any existing circumstances which would warrant any such dismissal. Accordingly, because the Trustee has objected to Progressive Care's claim, Section 502(b) requires that this Court determine the amount of Progressive Care's claim as of the date of the filing of the petition.

WHEREFORE, Progressive Care, S.C. respectfully requests that this Court deny the Trustee's request for the entry of an order denying and expunging the Second Amended Claim, determine the amount of Progressive Care's claim and lawful currency of the United States as of the date of the filing of the petition, and for such further relief as this Court deems just and proper.

Respectfully submitted,

PROGRESSIVE CARE, S.C.

By: s/*Brian R. Zeeck*
　　Brian R. Zeeck

| | |
|---|---|
| Daniel M. Purdom | James Schweitzer |
| Brian R. Zeeck | Schweitzer Law Office, LLC |
| Hinshaw & Culbertson LLP | 675 N. Brookfield Rd. |
| 222 N. LaSalle St. | Suite 111 |
| Suite 300 | Brookfield, WI 53045 |
| Chicago, IL 60601 | 262-797-0634 |
| 312-704-3000 | |

131160802v4 0917685