IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| MARK E. SINGER, | ) | Case No. 12-18449 |
| | ) | |
| Debtor. | ) | Hon. Pamela S. Hollis |

**TRUSTEE'S REPLY TO PROGRESSIVE CARE, S.C.'S RESPONSE
IN OPPOSITION TO TRUSTEE'S OBJECTION TO PROGRESSIVE
CARE, S.C.'S SECOND AMENDED PROOF OF CLAIM NO. 4-3**

Brian A. Audette, not individually, but solely in his capacity as chapter 7 trustee ("Trustee"), hereby replies to Progressive Care, S.C.'s Response in Opposition to Trustee's Objection to Progressive Care, S.C.'s Second Amended Proof of Claim No. 4-3 (the "Response") as follows:[1]

1. Claimant does not and cannot refute that "[a] claim of which a bankruptcy court may take cognizance must be one that is recognized by state or federal law." *In re U.N.R. Indus., Inc.*, 29 B.R. 741, 745 (N.D. Ill. 1983) (citing *Vanston Bondholders Protective Comm. v. Green*, 329 U.S. 156, 170, 67 S.Ct. 237, 243–244 (1946)). Here, Claimant's claims against Debtor that form the basis of its Claim were dismissed *with prejudice* in the State Court Case, thereby nullifying such claims under applicable state and federal law. Consequently, Claimant cannot hold a valid claim against Debtor's estate because the Claim is barred by the State Court Order and is not otherwise contingent or unmatured. *See* 11 U.S.C. § 502(b) (stating that claim should be denied if it is "unenforceable against the debtor . . . under any agreement or applicable law for a reason other than because such claim is contingent or unmatured.")).

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in Trustee's Objection to Progressive Care, S.C.'s Second Amended Proof of Claim No. 4-3 [Dkt. No. 129] (the "Objection").

128281233.1

2.	Claimant side-steps this dispositive issue and instead argues that its Claim is valid because the Dismissal Order expressly provides that it is without prejudice to the Claim and that it shall have no preclusive or res judicata effect on the Claim. *See* Resp. at pp. 2-4. However, the Circuit Court of Cook County cannot override the Bankruptcy Code and applicable federal law by ordering that claims dismissed *with prejudice* for all other purposes may nevertheless be maintained under section 502 of the Bankruptcy Code and binding on a trustee. Permitting state courts to wield such power would clearly violate the Supremacy Clause of The Constitution of the United States.

3.	Consequently, Claimant's reliance on *Severino v. Freedom Woods, Inc.*, 407 Ill.App.3d 238 (2010) for the proposition that res judicata does not apply when a state court dismisses a claim but expressly reserves a plaintiff's right to re-file the claim is misplaced. *See* Resp. at pp. 4-5. Even if *Severino* controlled, it is distinguishable and does not support Claimant's position. In *Severino*, the plaintiff voluntarily dismissed the claims at issue *without prejudice* and the court docket clearly indicated that plaintiff was granted leave to re-file such claims. 407 Ill.App.3d at 251. Therefore, the court held that res judicata did not bar plaintiff's re-filed claims. *See id*. Here, Claimant's claims were dismissed *with prejudice* in the State Court Case and the Circuit Court of Cook County did not grant Claimant leave to re-file its claims. Thus, *Severino* is not instructive and Claimant has not cited a single case in which a court has refused to apply the doctrine of res judicata after a claim has been *voluntarily dismissed with prejudice*.

4.	Claimant does not dispute that if Debtor's bankruptcy case is dismissed, Claimant would have no right under applicable law to re-file its claims against Debtor. Rather, Claimant dismisses this obvious conclusion as a mere hypothetical that cannot form the basis for an

objection to the Claim. *See* Resp. at pp. 6-8. However, this hypothetical clearly illustrates the Claim's fatal flaw — because the Claim cannot be asserted against Debtor under applicable state or federal law outside of bankruptcy court, it cannot be maintained against Debtor's estate. Thus, Claimant's contention that the Claim should not be barred because it is based upon Debtor's alleged violations of state and federal laws is irrelevant. *See* Resp. at pp. 5-6.

5. Claimant's suggestion that it may hold a claim against Debtor for Debtor's alleged violation of the Dismissal Order is irrelevant. *See* Resp. at p. 7. First, the Claim is not based upon Debtor's violation of the Dismissal Order; thus, the Court should not consider Debtor's alleged post-petition conduct. Second, even if Debtor did breach its obligations under the Dismissal Order, Claimant's alleged damages would not constitute a pre-petition claim against Debtor's estate but rather, Claimant would be limited to a post-petition claim against Debtor. Accordingly, Claimant's contentions are without merit and do not refute the grounds for the Objection.

6. Claimant further argues that the Claim should not be denied because it raises similar issues and allegations to those contained in Claimant's complaint objecting to Debtor's discharge under section 727 of the Bankruptcy Code. *See* Resp. at p. 8. However, Claimant does not explain how or why the two are inextricably linked or why the presence of the complaint requires the Court to determine the amount of the Claim. Whether or not Claimant holds a valid claim against Debtor's estate is an entirely different issue from whether Debtor is entitled to a discharge. Further, if the Court disallows the Claim, the amount of the Claim becomes moot. Thus, Claimant's argument should be disregarded.

7. Because Claimant does not have the law on its side, it resorts to arguing that its conduct was reasonable under the circumstances, it would be "unfair and inequitable" to deny

the Claim and that public policy dictates that its Claim should be allowed to avoid an "absurd" result.  *See* Resp. at pp. 9-10.  Whether or not Claimant acted reasonably in its own estimation is irrelevant to whether its Claim is enforceable under the Bankruptcy Code.  Also, Claimant's perceived unfairness and inequity is solely the result of Claimant's own voluntary actions.[2]  Moreover, Claimant does not cite a single case to demonstrate that the Court should consider public policy under these circumstances or that such consideration would produce a favorable result.  While Claimant may have intended to preserve its rights against Debtor's estate, the reality is that Claimant's own conduct doomed its Claim.  Whether Claimant now believes that its conduct produced an unfair result is not germane to this dispute.

8. Accordingly, for the reasons set forth herein and in the Objection, the Court should disallow and expunge the Claim in its entirety.

Dated:  October 21, 2015

**BRIAN A. AUDETTE, not individually, but solely in his capacity as Chapter 7 Trustee**

By: */s/ Brian A. Audette*
　　Brian A. Audette
　　David J. Gold
**PERKINS COIE LLP**
131 South Dearborn Street, Suite 1700
Chicago, IL  60603
(312) 324-8400
(312) 324-9400 (facsimile)
dgold@perkinscoie.com

*Counsel to the Trustee*

---

[2]  The Dismissal Order indicates that it was prepared by Claimant's counsel, who is the same attorney representing Claimant in this case.

- 4 -

128281233.1

# CERTIFICATE OF SERVICE

Brian A. Audette, an attorney, certifies that on October 21, 2015, he caused the foregoing *Trustee's Reply to Progressive Care, S.C.'s Response in Opposition to Trustee's Objection to Progressive Care, S.C.'s Second Amended Proof of Claim No. 4-3* to be filed electronically with the Court. Notice of this filing will be sent by operation of the Court's electronic filing system to the ECF registered parties listed below, which include counsel for Progressive Care S.C. listed on its proof of claim.

**ECF Notice Parties:**

Brian Audette on behalf of Trustee Brian Audette
baudette@perkinscoie.com, IL32@ecfcbis.com

Jennifer L. Barton on behalf of Debtor/Defendant Mark E Singer
jbarton@rsplaw.com

Richard H Fimoff on behalf of Debtor/Defendant Mark E Singer
rfimoff@rsplaw.com, fb@rsplaw.com

Charles R. Gibbs, Jr. on behalf of Trustee Brian Audette
cgibbs@perkinscoie.com, docketchi@perkinscoie.com

Patrick S Layng
USTPRegion11.ES.ECF@usdoj.gov

Jordan McCarthy on behalf of Trustee Brian Audette
JMcCarthy@perkinscoie.com, nsaldinger@perkinscoie.com; docketchi@perkinscoie.com

Josephine J Miceli on behalf of Creditor Hudson City Savings Bank, FSB
Jo@johnsonblumberg.com

Anders J Watson on behalf of Creditor BrookWeiner LLC
ajw@willmont.com, Maureen@willmont.com;jpf@willmont.com

Brian R Zeeck on behalf of Creditor/Plaintiff Progressive Care, S.C.
bzeeck@hinshawlaw.com, pmichael@hinshawlaw.com

                                                */s/ Brian A. Audette*

128281233.1